IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 05-CV-00640-WYD-MJW**

SHERRON LEWIS, et al.,

Plaintiff(s),

v.

ALL PUBLIC TRUSTEES FAILING TO ACT UNDER THE LAWS OF THE STATE OF COLORADO; et al.,

Defendant(s).

---

**ORDER TO SHOW CAUSE**
**and**
**ORDER RESETTING SCHEDULING/PLANNING CONFERENCE**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Wiley Y. Daniel on April 15, 2005. (Docket No. 2).

This action was commenced on April 6, 2005 (Docket No. 1). In an Order Setting Scheduling/Planning Conference filed on April 28, 2005 (Docket No. 3), a Rule 16 Scheduling/Planning Conference was set to be held on June 21, 2005, at 8:30 a.m. While pro se plaintiffs Sherron Lewis and Allen Russell did appear for that conference, pro se plaintiffs James Bailey and Tyrone W. Allen failed to appear for that conference as directed. (See Courtroom Minutes/Minute Order, Docket No. 16). The parties were advised that if the limited liability partnership was not represented prior to the next court hearing, the court would issue a recommendation to dismiss the partnership. This court

vacated the scheduling conference set that day and reset it, along with a show cause hearing, for July 25, 2005, at 10:00 a.m.  The parties were directed to submit their proposed scheduling order on or before July 20, 2005.  A Show Cause Order (Docket No. 17) was issued as to plaintiffs Bailey and Allen for their failure to appear and failure to prosecute, and as to plaintiff Consumer Equity Solutions LLP for failure to appear and failure to prosecute.   Plaintiff Tyrone W. Allen's subsequent Stipulated Motion to Dismiss was granted on August 3, 2005 (Docket No. 33).

The Show Cause Order and the scheduling conference were reset to August 29, 2005, at 8:00 a.m., with the proposed scheduling order to be submitted to the court by August 24, 2005.  (Docket No. 30).  Pro se plaintiff Bailey once again failed to appear for the conference as directed.  Pro se plaintiff Lewis also failed to appear, and no appearance was made on behalf of plaintiff Consumer Equity Solutions LLP.  None of these plaintiffs moved for a continuance of the conference or even telephoned the court at the time set for the conference.  The court notes that the weather in Denver was fine, and the roads were clear.  Defense counsel appeared for the conference as directed.

> Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part:
>
> If a party . . . fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a . . . pretrial conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

3

Fed. R. Civ. P. 16(f).  Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule16(f), permits the following sanctions:

>  (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
>  (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
>  (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

>  Furthermore, Rule 41(b) provides in pertinent part:
>
>  For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

Based upon the foregoing, it is hereby

**ORDERED** that on September 19, 2005, at 8:30 a.m. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U. S. Courthouse, 901 Nineteenth Street, Denver, Colorado, a Show Cause Hearing will be held at which plaintiffs Lewis and Bailey and a representative of plaintiff Consumer Equity Solutions LLP shall appear in person and show cause (1) why this case should not be dismissed pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) for failure to prosecute, failure to appear, and failure to comply with court

orders, and (2) why the plaintiffs should not be directed to pay the reasonable expenses incurred, including attorney's fees, by the defendants for their appearance at the August 29, 2005, proceeding.  It is further

**ORDERED** that the Rule 16 Planning/Scheduling Conference is reset to September 19, 2005, at 8:30 am. in Courtroom A-502, Fifth Floor, Alfred A. Arraj U. S. Courthouse, 901 Nineteenth Street, Denver, Colorado.  The parties shall comply with all of the provisions of this court's Order Setting Scheduling/Planning Conference filed on April 28, 2005 (Docket No. 3).

Dated: August 29, 2005  
Denver, Colorado

s/Michael J. Watanabe  
Michael J. Watanabe  
United States Magistrate Judge